UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:26-cv-02406-MRA-SK | Date | October 23, 2026 |
| Title | *Mohammed Hakam v. Fieldpiece Instruments, Inc. et al.* | | |

| | |
|---|---|
| Present: The Honorable | MÓNICA RAMÍREZ ALMADANI, UNITED STATES DISTRICT JUDGE |

| | |
|---|---|
| Priscilla Deason for Melissa H. Kunig | None Present |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None Present | None Present |

**Proceedings: (IN CHAMBERS) ORDER DENYING PLAINTIFF'S MOTION TO REMAND [9]**

Before the Court is Plaintiff's Motion to Remand this matter to Orange County Superior Court (the "Motion"). ECF 9. The Court read and considered the briefing related to the Motion and deemed the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); L.R. 7-15. For the reasons stated herein, the Court **DENIES** the Motion and **VACATES** the October 27, 2026, hearing.

## I. BACKGROUND

Plaintiff Mohammad Hakam ("Plaintiff" or "Hakam") filed this employment discrimination case on July 13, 2026, in Orange County Superior Court against his former employer, Fieldpiece Instruments, Inc. ("Fieldpiece"), Cameron Rouns ("Rouns"), and Does 1 through 50. ECF 1-3. Plaintiff asserts claims for various violations of the California Fair Employment and Housing Act ("FEHA"), wrongful termination, breach of contract, and other related state law causes of action. *Id.*

On August 26, 2026, Defendants removed this action to federal court based on diversity jurisdiction. ECF 1. Defendants contend that at the time the complaint was filed and at the time of removal: (1) Plaintiff was a citizen of California; (2) Defendant Rouns was a citizen of Utah; (3) Defendant Fieldpiece was incorporated under the law of Delaware and so was a citizen of Delaware; and (4) Fieldpiece's principal place of business was its Kamas, Utah office location, so Fieldpiece was also a citizen of Utah. *Id.* ¶ 10.

On September 18, 2026, Plaintiff filed the instant Motion, arguing that Fieldpiece's principal place of business is in California—not Utah—such that the Court lacks diversity jurisdiction. ECF 9. Defendants filed an opposition on October 6, 2026, ECF 10, and Plaintiff filed a reply on October 12, 2026, ECF 11.

## II. LEGAL STANDARDS8:26-cv-350

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). They may exercise jurisdiction only when authorized by the Constitution or a statute. *Id.* A federal district court has diversity jurisdiction over a matter where the amount in controversy exceeds the sum or value of $75,000, and there is complete diversity among opposing parties. 28 U.S.C. § 1332(a). Complete diversity exists when "*each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). A corporation is deemed to be a citizen of the state(s) in which it is incorporated and in which the corporation has its principal place of business. 28 U.S.C. § 1332(c)(1). The Ninth Circuit requires complete diversity both at the "time the complaint is filed and removal is effected." *Strotek Corp. v. Air Trans. Ass'n of Am.,* 300 F.3d 1129, 1131 (9th Cir. 2002).

Under 28 U.S.C. § 1441(a), a defendant may remove a matter to federal court where the district court would have original jurisdiction. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The removing defendant, however, bears the burden of establishing that removal is proper. *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006). The party asserting federal jurisdiction must establish jurisdictional facts by competent proof. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936). "[A]ny doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).

## III. DISCUSSION

The sole question to be resolved on this Motion is whether, at the time the complaint was filed on July 13, 2026, and at the time Defendants removed the action to federal court on August 26, 2026, Fieldpiece's principal place of business was in California or Utah. Plaintiff does not contest the amount in controversy or that Defendant Rouns is a citizen of Utah. ECF 9 at 4–5.

In *Hertz Corporation v. Friend*, 559 U.S. 77, 80–81 (2010), the Supreme Court adopted the "nerve center" test for determining a corporation's principal place of business. Under this test, a corporation's principal place of business "refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities." *Id.* at 80. In assessing the location of a corporation's nerve center, "courts consider several factors including where the corporation's chief executive officer 'resides and maintains' his or her office, where the other officers reside, where the corporation's 'high level decisions' are made, and where the corporation's 'finance and accounting functions' are performed." *Peich v. Flatiron West, Inc.*, No. 5:16-cv-00540-ODW (DTB), 2016 WL 6634851, at *3 (C.D. Cal. Nov. 9, 2016) (quoting *In*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 8:26-cv-02406-MRA-SK | Date | October 23, 2026 |
|---|---|---|---|
| Title | *Mohammed Hakam v. Fieldpiece Instruments, Inc. et al.* | | |

*re Hydroxycut Mktg. & Sales Practices Litig.*, No. 09-MD-2087-BTM (AJB), 2010 WL 2998855, at *3 (S.D. Cal. July 29, 2010)).

Here, Defendants submitted two declarations by Mariah Robbins, Fieldpiece's current Chief Commercial Officer, as support that Fieldpiece's "nerve center" is its Utah office. ECF 1-1; ECF 10-3. Robins declared that Fieldpiece's Utah office is "where [Fieldpiece's] executive and administrative offices are located and where the majority of executive and administrative functions are directed, controlled, and coordinated." ECF 1-1 ¶ 3. Fieldpiece's Chief Executive Officer, Chief Financial Officer, Chief Strategy & People Officer, In-House Counsel, and Vice President of Engineering all live in Utah and work out of the Utah office. *Id.* While Fieldpiece offers work-from-home flexibility, "out-of-state executives come to Utah when making key decisions, including long-term strategy, budgeting, talent reviews, risk mitigation, and long-term supply chain decisions." ECF 10-3 ¶ 3. Indeed, of Fieldpiece's 11 recent quarterly leadership and executive strategy meetings, nine were held in Utah. *Id.* ¶ 5.

Plaintiff makes several arguments in support of his position that Fieldpiece's principal place of business is in California. *First*, Plaintiff notes Fieldpiece's "largest established office" is in Orange, California. ECF 9 at 6. Fieldpiece does not dispute this point but persuasively argues that this fact is not determinative because the nerve center test is not concerned with where most of a corporation's operations occur, but rather where the corporation's executive leadership makes decisions. ECF 10 at 3; *see, e.g.*, *Chavez v. Carmax Auto Superstores Cal., LLC*, No. CV1302651DMGAJWX, 2014 WL 12968226, at *3 (C.D. Cal. July 8, 2014) (finding that defendant's principal place of business was Richmond, Virginia because even though it had a "main office in California, all *executive* functions" took place in Richmond) (emphasis added); *Hoschar v. Appalachian Power Co.*, 739 F.3d 163, 172 (4th Cir. 2014) ("When a corporation's day-to-day operations are managed in one state and its officers make significant corporate decisions and set corporate policy in another, the corporation's nerve center and principal place of business is the latter.").

*Second*, Plaintiff indicates that Fieldpiece's public website identified the California office as the company's United States address. ECF 9 at 6. The screenshot of Fieldpiece's website that Plaintiff provides, however, also lists the Kamas, Utah office location as well as a location in Suwanee, Georgia. ECF 9-2 at 7.

*Third*, Plaintiff asserts that Fieldpiece's most recent Statement of Information filed with the California Secretary of State lists the California office as its principal address. ECF 9 at 6; ECF 9-2 at 19. But courts in this district have held that these sorts of filings alone are insufficient to establish a corporation's "nerve center." *See, e.g.*, *Steines v. Crown Media U.S., LLC*, No.

CV1809293CJCFFMX, 2018 WL 6330600, at *3 (C.D. Cal. Dec. 4, 2018) (determining that recent Statements of Information filed with the California Secretary of State listing a California address as the "principal executive office" is insufficient and denying remand); *L'Garde, Inc. v. Raytheon Space & Airborne Sys.*, 805 F. Supp. 2d 932, 940 (C.D. Cal. 2011) ("[D]istrict courts have found that reliance on a single piece of evidence, such as a Secretary of State printout, is insufficient for a party to prove the location of its headquarters under the nerve center test.").

Finally, Plaintiff asserts that, at the time of his employment, four of the 10 members of the Fieldpiece executive team resided in California. ECF 9 at 6; ECF 9-1 ¶ 18. But where the executive leadership resided *during the time of Plaintiff's employment* is not relevant to the jurisdictional inquiry—the Court must assess diversity at the "time the complaint is filed and removal is effected." *Strokek Corp.*, 300 F.3d at 1131. In her declaration, Robbins asserts that the majority of Fieldpiece's executives, including the CEO, CFO, and General Counsel, worked out of the Utah office at that time. ECF 1-1 ¶ 3.

Considering the totality of facts alleged by Plaintiff and the evidence presented by Defendants, the Court finds that Defendants have satisfied their burden of establishing that Kamas, Utah is Fieldpiece's "nerve center." *Cf. L'Garde, Inc.*, 805 F. Supp. 2d at 940 (determining that defendant's showing that five of its 12 executive officers worked out of its Massachusetts office; nationwide operations and control of human resources, information and technology, and finance departments originated from there; its board of directors met there; and the California Secretary of State and defendant's Form 10-K recognized defendant's company headquarters as Massachusetts, "persuad[ed] the Court to find, based on the totality of the circumstances," that defendant's headquarters was in Massachusetts); *In re Hydroxycut Mktg. and Sales Pracs. Litig.*, 2010 WL 2998855, at *2–4 (finding that, despite the presence of a large New York facility, the defendant's principal place of business was in the location where high-level executive decisions were made—Ontario, Canada). Accordingly, Plaintiff does not share citizenship with any of the Defendants, complete diversity exists, and this Court has diversity jurisdiction over this matter.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand [9] is **DENIED**. Plaintiff's requests for jurisdictional discovery and attorney's fees are likewise **DENIED**.

**IT IS SO ORDERED.**

- : -

Initials of Deputy Clerk Pd/mku